## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ARBITRON, INC. | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:06-CV-434 (TJW) |
| INTERNATIONAL DEMOGRAPHICS | § | |
| INC., ET AL., | § | |
| | § | |
|        Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant IPSOS America, Inc.'s ("Ipsos") Motion to Amend its Invalidity Contentions (Docket Entry No. 73) and related briefing. Ipsos requests leave of the Court to amend its initial P.R. 3-3 Invalidity Contentions to include its indefiniteness positions on four limitations from the patent claims asserted by the plaintiff. Plaintiff opposes the motion. In light of the arguments made by both parties, the court GRANTS the motion for the reasons expressed below.

## I.       Background

Arbitron, Inc. ("Arbitron") filed this suit against defendants International Demographics, Inc., et al. (collectively "defendants"), on October 10, 2006 alleging infringement of its patents, U.S. Patent Nos. 5,787,334 ("the '334 patent"), 5,574,962 ("the '962 patent") and 5,483,276 ("the '276 patent"), all related to electronic audience measurement. On January 22, 2008, Ipsos filed its invalidity contentions. Ipsos did not assert an indefiniteness defense at that time. The parties exchanged proposed claim constructions for disputed limitations on July 22, 2008. The parties submitted their joint claim construction and prehearing statement on August 22, 2008.

1

Ipsos filed this motion seeking leave of the Court the same day.

## II.    Discussion

A party seeking to modify the Court's Docket Control order must show "good cause." FED. R. CIV. P. 16(b).  Local Patent Rule 3-6(b) allows a party to supplement its Invalidity Contentions "only by order of the Court, which shall be entered only upon a showing of good cause."  U.S. DIST. CT. E.D. TEX. PATENT L.R. 3-6(b).  While a Court has broad discretion to grant untimely motions to amend pleadings, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).  Where local rules are unique to patent cases and are likely to directly affect the substantive patent law theories that may be presented at trial, issues concerning the validity and interpretation of such local rules are governed by Federal Circuit law.  *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006).  The Federal Circuit has upheld the validity of local rules, similar to those in this district, that require early disclosure of infringement and invalidity contentions but allow amendments to contentions upon showing of a good cause.  *Id*. at 1366 (ruling on the legality of the Northern District of California's local patent rules related to amendment of infringement and invalidity contentions).

Arbitron's arguments in this case focus on the inadequacy of defendant Ipsos's explanation for the failure to timely assert an invalidity defense based on indefiniteness.    It argues that since no objective facts relevant to an indefiniteness analysis have changed during the

course of the litigation, Ipsos simply has no excuse for waiting seven months to conduct its analysis. It therefore contends that Ipsos inexplicably failed to exercise diligence and cannot be allowed to amend its invalidity contentions at this time. While the Court agrees with Arbitron that a "good cause" analysis must include a showing of diligence on the movant's part, it does not agree that diligence is the sole or primary factor to be considered in deciding such a motion. *See O2*, 467 F.3d at 1366. The *O2* court merely held that the district court in that case did not abuse its discretion by disallowing amendments brought after a three-month delay, with no showing of diligence. *O2*, 467 F.3d at 1367-68. It did not deprive district courts of their discretion in allowing such amendments where the Court does find a good cause based on other factors. The lack of unfair prejudice is one such factor, and Arbitron does not identify any prejudice it will suffer from this amendment. The Court has not yet conducted a claim construction hearing in this case and trial is scheduled for May, 2009. Ipsos represents to the Court that at the time of filing this motion, discovery had just begun and no depositions had been taken. The Court fails to see how the Arbitron would be prejudiced if Ipsos is allowed to include an indefiniteness defense in its invalidity contentions at this stage of litigation. On the other hand, an indefiniteness contention is critical to Ipsos's defense, and denying this motion would indeed prejudice the defendants.

With regard to diligence, Ipsos contends that its diligence was in conducting negotiations with and seeking explanations from Arbitron. Ipsos argues that it was involved in the claim construction process at the time the invalidity contentions were filed. It represents that it met and conferred with Arbitron and waited to hear Arbitron's claim construction position before it formalized its indefiniteness position. It cites the *Datamize, LLC* opinion to argue that Federal

Circuit case law required it to engage in claim construction discussions prior to raising an indefiniteness defense. *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347-1348 (Fed. Cir. 2005). Finally, it contends it filed this motion on the same day that the P.R. 4-1 process concluded. While the Court does not read Federal Circuit case law to require a party to complete claim construction process before asserting a defense of indefiniteness, it finds that Ipsos's explanation is adequate in this case to survive a finding of a lack of diligence and therefore a lack of "good cause." Given the importance of the indefiniteness defense to Ipsos and the absence of any potential prejudice to the plaintiff in allowing the amendment, the Court is not persuaded that the Federal Rules or the local patent rules require denying Ipsos an extension in this case. *See O2*, 467 F.3d at 1365 (stating that the Federal Rules provide for a "notice pleading and broad discovery regime," intended to be much more flexible than the rigid system they replaced).

Therefore, the Court finds that the factors that guide the Court's analysis cut in favor of allowing Ipsos to amend its invalidity contentions. For these reasons, the court GRANTS Ipsos's motion.

SIGNED this 29th day of October, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE