**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ARBITRON, INC. | § | |
|         Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:06-CV-434 (TJW) |
| INTERNATIONAL DEMOGRAPHICS | § | |
| INC., ET AL., | § | |
| | § | |
|         Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is plaintiff Arbitron, Inc.'s ("Arbitron") Motion to Amend its Infringement Contentions (Docket Entry No. 85) and related briefing. Arbitron requests leave of the Court to amend its initial P.R. 3-1 Infringement Contentions to include allegation of an infringing offer for sale. Defendant IPSOS America, Inc.'s ("Ipsos") opposes the motion. In light of the arguments made by both parties as well as the applicable law, the court GRANTS the motion for the reasons expressed below.

**I.      Background**

Arbitron, Inc. ("Arbitron") filed this suit against defendants IPSOS America, Inc., et al. (collectively "defendants"), on October 10, 2006 alleging infringement of its patents, U.S. Patent Nos. 5,787,334 ("the '334 patent"), 5,574,962 ("the '962 patent") and 5,483,276 ("the '276 patent"), all related to electronic audience measurement. Arbitron's P.R. 3-1 Infringement Contentions were due November 20, 2007. Arbitron asserts that it complied with this deadline. Arbitron did not allege an infringing offer for sale at that time. Ipsos filed this motion seeking leave of the Court on October 28, 2008.

## II. Discussion

A party seeking to modify the Court's Docket Control order must show "good cause." FED. R. CIV. P. 16(b). Local Patent Rule 3-6(b) allows a party to supplement its Infringement Contentions "only by order of the Court, which shall be entered only upon a showing of good cause." U.S. DIST. CT. E.D. TEX. PATENT L.R. 3-6(b). While a Court has broad discretion to grant untimely motions to amend pleadings, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Where local rules are unique to patent cases and are likely to directly affect the substantive patent law theories that may be presented at trial, issues concerning the validity and interpretation of such local rules are governed by Federal Circuit law. *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). The Federal Circuit has upheld the validity of local rules, similar to those in this district, that require early disclosure of infringement and invalidity contentions but allow amendments to contentions upon showing of a good cause. *Id*. at 1366 (ruling on the legality of the Northern District of California's local patent rules related to amendment of infringement and invalidity contentions). Arbitron argues that there is good cause to allow it to amend its infringement contentions.

### 1. The explanation for the failure to meet the deadline

A "good cause" analysis in a motion to amend must include a determination of diligence on the part of the movant. *See O2*, 467 F.3d at 1366. Arbitron contends that its motion for leave

to amend is based on facts that it learned following a clarification that Ipsos provided on Ipsos's Answer to Arbitron's Interrogatory No. 6, on October 23, 2008. It contends that in the original response to Arbitron's interrogatory, Ipsos did not reveal any offers or proposals for sale that it may have made to sell the infringing product. Arbitron represents that later, in October 2008, following its settlement in this case with defendant Media Audit, Arbitron learned of Ipsos's possibly infringing sale discussions. By immediately filing this motion to amend its infringement contentions, it claims it has been diligent.

Ipsos argues that Arbitron has not been diligent in learning of the alleged sales. It argues that the information that Arbitron bases its motion on has been available to Arbitron through press releases as early as November 2007. It contends that this information was in discovery documents made available to Arbitron in May, 2008. It points to Arbitron employee emails to show that Arbitron was aware of the communications in issue. It also argues that Arbitron failed to seek clarification on its interrogatory answers prior to October, 2008. The Court credits Arbitron's explanation for its failure to timely assert infringing sales. While Arbitron may have known of Ipsos's participation in the Clear Channel RFP process much earlier, the Court agrees that Arbitron may not have had sufficient evidence of a possible infringing sale at that time. Such evidence became available following its settlement with the Media Audit, as well as Ipsos's clarification of its interrogatory answer. *See id*. at 1367 (stating that in order to show diligence, the movant needs to explain what it was actually doing to develop the infringement theory). Arbitron's explanation is adequate in this case to survive a finding of a lack of diligence and therefore a lack of "good cause."

### 2. The importance of the thing that would be excluded

Both parties argue the importance of the communications in issue to a finding of an infringing sale under 35 U.S.C. § 271(a). The point of dispute is whether the communications in issue could be construed as a "commercial offer for sale" under traditional contract law. Arbitron argues that because Ipsos's proposal was a bid to supply a product specified in a RFP, it should be considered a traditional offer to sell. *See Fieldturf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1369-70 (Fed. Cir. 2006). Ipsos responds that a mere price estimate does not constitute an offer for sale. *See Elan Corp., PLC v. Andrx Pharm., Inc.*, 366 F.3d 1336, 1342 (Fed. Cir. 2004). The court need not analyze the strength of plaintiff's infringement contentions as part of the good cause determination. The Court considers the communications to be of sufficient importance to finding a possible infringing sale under § 271(a) as to allow an amendment at this time.

### 3. Potential prejudice in allowing the thing that would be excluded

The lack of unfair prejudice is another factor to be considered, and Ipsos does not make a strong case of any significant prejudice it will suffer from this amendment. The Court has recently entered an order on claim construction issues in this case and trial is scheduled for May, 2009. Discovery is still ongoing in this case. The amendment has no impact on claim construction issues that the Court has already addressed. The Court fails to see how the Ipsos would be prejudiced if Arbitron is allowed to amend its infringement contentions at this stage of litigation.

### 4. The availability of a continuance to cure such prejudice.

As the Court finds a lack of any prejudice in allowing an amendment at this time, it does

not address this factor.

**III.    Conclusion**

Given the importance of the communications in issue to Arbitron's infringement case and the absence of any significant prejudice to the defendants in allowing the amendment, the Court is not persuaded that the Federal Rules or the local patent rules require denying Ipsos an extension in this case. *See O2*, 467 F.3d at 1365 (stating that the Federal Rules provide for a "notice pleading and broad discovery regime," intended to be much more flexible than the rigid system they replaced). Therefore, the Court finds that the factors that guide the Court's analysis cut in favor of allowing Arbitron to amend its infringement contentions. The court GRANTS Arbitron's motion.

SIGNED this 16th day of January, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE